Michael N. Westheimer, State Bar No. 178938
  E-mail: Michael.Westheimer@bakernet.com
BAKER & MCKENZIE LLP
660 Hansen Way
Palo Alto, CA 94304-1044
Telephone: +1 650 856 2400
Facsimile:    +1 650 856 9299

Attorneys for Defendants
BUCK CONSULTANTS, LLC and HAROLD LOEB

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| DENNIS J. NASRAWI, MICHAEL R. O'NEAL, and RHONDA BIESEMEIR,<br><br>Plaintiff,<br><br>v.<br><br>BUCK CONSULTANTS, LLC and HAROLD LOEB,<br><br>Defendants. | **Case No.**<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE NOTICE that defendants Buck Consultants, LLC ("Buck") and Harold Loeb ("Loeb") (collectively, "Defendants"), by and through their counsel, hereby remove the above-entitled action from the Superior Court of the State of California, County of Stanislaus, to this Court pursuant to 28 U.S.C. §§ 1332, 1141 and 1446, based on the following grounds:

1. Jurisdiction: This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the matter in controversy exclusive of interest and costs, exceeds the sum or value of $75,000.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

PALDMS/405496.3

1

Case No.
NOTICE OF REMOVAL

2. On October 8, 2009, Plaintiffs Dennis Nasrawi, Michael R. O'Neal and Rhonda Biesemeir (collectively, "Plaintiffs") filed a Complaint in the Superior Court of the State of California, in and for the County of Stanislaus, entitled *Dennis Nasrawi, Michael R. O'Neal and Rhonda Biesemeir v. Buck Consultants, LLC, Harold Loeb and Does 1-30*, Case No. 646617 (the "action"). This is a civil case and is still pending. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint and other papers served in this action are attached as Exhibit A.

3. The first date upon which any of the Defendants received the Summons and Complaint in this action was October 26, 2009, when a copy of the Summons and Complaint was personally delivered to Defendant Loeb. This Notice of Removal is timely because it was filed within 30 days thereafter. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

4. As alleged in the Complaint, Plaintiffs are seeking purported damages in excess of $40 million in this action. (*See, e.g.*, Complaint ¶ 15).

5. Defendants are informed and believe that Plaintiffs were each, at the filing of this action, and still are, citizens of the State of California.

6. Defendant Buck was, at the time of the filing of this action, and still is, a limited liability company formed under the laws of the State of Delaware and having its principal place of business in the State of New York. The sole owner/member of Buck is ACS Human Resources Solutions, Inc., which was, at the time of the filing of this action, and still is, is a corporation incorporated under the laws of the State of Pennsylvania and having its principal place of business in the State of New Jersey. ACS Human Resources Solutions, Inc. is a wholly owned subsidiary of Affiliated Computer Services, Inc., which was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Texas.

7. The Complaint also names Defendant Loeb as an individual defendant, who is a citizen of the same state as Plaintiffs. The citizenship of Loeb should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that he is a sham or fraudulent defendant. Although Plaintiffs have named Loeb for the sole purpose of divesting the

1. Court of diversity jurisdiction, they cannot establish liability against Loeb for the following reasons: (i) the only cause of action alleged against Loeb is a claim for negligence; and (ii) Plaintiffs cannot, as a matter of law, state a claim for negligence against an employee, like Loeb, who at all times relevant was acting within the scope of his employment for Buck. *See United States Liability Insurance Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 83 Cal. Rptr. 418 (1970); *Self-Insurers' Security Fund v. ESIS*, 204 Cal. App. 3d 1148, 251 Cal. Rptr. 693 (1988). Accordingly, Loeb's citizenship may be disregarded and complete diversity of citizenship exists in this action.

8. Fictitiously named "Doe" defendants may be disregarded for removal purposes. *See* 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the United States District Court for the Eastern District of California, Fresno Division, which is the district and division within which the action has been pending.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a notice of this Notice of Removal with the Superior Court of the State of California, in and for the County of Stanislaus, and copies will be served on Plaintiffs' counsel.

Dated: November 24, 2009

BAKER & McKENZIE LLP

By: /s/ Michael Westheimer
Michael Westheimer
Attorneys for Defendants
BUCK CONSULTANTS, LLC and
HAROLD LOEB