SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BUCK CONSULTANTS, LLC, HAROLD LOEB, and DOES 1-30.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DENNIS J. NASRAWI, MICHAEL R. O'NEAL, and RHONDA BIESEMEIR.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanislaus County Superior Court
City Towers Building, 801 10th Street, 4th Floor, Modesto, CA 95354

CASE NUMBER: *(Número del Caso):* **646617**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Conger, Esquire, P.O. Box 9374, Rancho Santa Fe, CA 92067; (858) 759-0200

DATE: **OCT 08 2009**
*(Fecha)*

Clerk, by **ANGELA SEGUNDO**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

MICHAEL A. CONGER, ESQUIRE (State Bar #147882)
LAW OFFICE OF MICHAEL A. CONGER
16236 San Dieguito Road, Suite 4-14
Mailing: P.O. Box 9374
Rancho Santa Fe, California 92067
Telephone: (858) 759-0200
Facsimile: (858) 759-1906

Attorneys for Plaintiffs DENNIS J. NASRAWI,
MICHAEL R. O'NEAL, and RHONDA BIESEMEIR

FILED
OCT 08 2009
CLERK of the SUPERIOR COURT
BY: ANGELA SEGUNDO
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| DENNIS J. NASRAWI, MICHAEL R. O'NEAL, and RHONDA BIESEMEIR,<br><br>Plaintiffs,<br><br>v.<br><br>BUCK CONSULTANTS, LLC, HAROLD LOEB, and DOES 1-30,<br><br>Defendants. | CASE NO: 646617<br><br>COMPLAINT FOR NEGLIGENCE |

This case has been assigned to Judge WILLIAM A. MAYHEW Department 21, for all purposes including Trial.

### FIRST CAUSE OF ACTION FOR ACTUARIAL NEGLIGENCE

(Against BUCK, LOEB and Does 1-30)

1. The plaintiffs in this action are former employees of the County of Stanislaus ("the County") who have acquired vested contractual rights to receive pension and related benefits from the Stanislaus County Employees Retirement Association ("StanCERA"). Each of the plaintiffs is a member of StanCERA.

2. StanCERA is a public employees retirement system operating under section 17 of article XVI of the California Constitution and the County Employees Retirement Law of 1937 (Gov. Code, § 31450 et seq.). StanCERA administers the retirement benefits for employees of Stanislaus County, the City of Ceres, the Superior Court of the State of California for Stanislaus County, and five special districts located in Stanislaus County. StanCERA

1
Complaint for Negligence

1  administers the plaintiffs' defined benefit pension plan and provides retirement, health insurance,
2  disability, and death benefits to plaintiffs and other members.

3.  Defendant Buck Consultants, LLC ("Buck"), is a Delaware limited liability company. At material times, Buck did substantial business in the County, including providing actuarial services to StanCERA.

4.  Defendant Harold Loeb ("Loeb") is an individual actuary who, based on information and belief, resides in California and was the principal actuary assigned by Buck to provide actuarial services to StanCERA.

5.  The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 to 30, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.

6.  Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a Doe is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to plaintiffs as herein alleged. Plaintiffs will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known to them.

7.  Plaintiffs are informed and believe and thereon allege that each defendant named in this action, including Doe defendants, at all relevant times, was the agent, ostensible agent, servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the other defendants, and was at all times acting within the course and scope of his, her, or its authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-conspirator, and with the same authorization, consent, permission or ratification of each of the other defendants.

8.  The plaintiffs have a vested, contractual right to an actuarially sound retirement system. (*Board of Administration v. Wilson* (1997) 52 Cal.App.4th 1109, 1131-1137.)

9.  As the trustee of the plaintiffs' retirement system, StanCERA owes each plaintiff the fiduciary duties set forth in section 17 of article XVI of the California Constitution.

10.  "The assets of a public pension or retirement system are trust funds and [are] held

1. for the exclusive purposes of providing benefits to participants in the pension or retirement system and their beneficiaries and defraying reasonable expenses of administering the system." (Cal. Const., art. XVI, § 17, subd. (a).)

11. "A retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty." (Cal. Const., art. XVI, § 17, subd. (b).)

12. On and after January 9, 2007, StanCERA retained defendants Buck and Loeb to provide actuarial services to StanCERA, in its capacity as the trustee of the plaintiffs' pension trust fund.

13. Defendants Buck and Loeb owed a duty to exercise due care in performing actuarial services for StanCERA.

14. On or about November 7, 2008, StanCERA learned from a subsequently retained actuary that Buck and Loeb had breached their duty of care in preparing StanCERA's January 9, 2007 actuarial valuation by using inappropriate actuarial assumptions.

15. The defendants' negligence caused StanCERA to suffer harm, consisting of: (1) lost County employer contributions, (2) lost earnings on those contributions, and (3) costs paid to other actuarial firms to discover the defendants' negligence. The plaintiffs are informed and believe that the defendants' negligence had the effect of lowering the County's required, annual employer contribution to StanCERA by more than $40 million. The plaintiffs are informed and believe that the 9.22 percent employer contribution rate adopted by StanCERA, in reliance upon the actuarial valuation negligently prepared by Buck and Loeb, was insufficient to actuarially fund the benefits promised by the County.

16. StanCERA has a fiduciary obligation to pursue a negligence claim against Buck and Loeb to recover lost County employer contributions, earnings on those contributions, and the costs paid to other actuarial firms to discover the defendants' negligence. Such a claim is an asset of the pension trust. However, StanCERA has failed to assert that negligence claim in breach of its fiduciary obligations to its members, including the plaintiffs.

17. StanCERA has not brought and will not bring a claim against Buck and Loeb because doing so would expose StanCERA's breach of fiduciary duty and violations of

subdivisions (a), (b), (c), and (e) of section 17 of article XIV of the California Constitution, by permitting the pension plan to be underfunded and actuarial unsound.

18. Buck and Loeb have actively participated with, aided, and abetted in StanCERA's breach of fiduciary duty by concealing their negligence for almost two years.

19. Buck and Loeb have participated with, aided, and abetted in StanCERA's breach of fiduciary duty for their own financial gain.

21. Buck and Loeb have also concealed that their negligence had rendered the pension trust fund actuarially unsound and concealed their participation and assistance with StanCERA's breach of fiduciary duty.

22. This suit is brought by the plaintiffs in a representative capacity on behalf of StanCERA and its members, and any recovery obtained in this action will be paid to StanCERA. A representative suit is necessary because StanCERA has failed or refused to assert a negligence claim on behalf of itself or the pension trust. Plaintiffs do not seek any relief greater than or different from the relief sought for the class of StanCERA beneficiaries of which they are members.

23. The defendants' negligence was not discovered by the plaintiffs before April 8, 2009.

24. Any applicable statute of limitations has been tolled by the defendants' concealment.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For costs of suit herein incurred;
4. For such other and further relief as the court deems just and proper.

///
///
///
///

4

Complaint for Negligence

Dated: October 7, 2009

LAW OFFICE OF MICHAEL A. CONGER

By: _____
Michael A. Conger
Attorney for Plaintiffs

Jury trial demanded.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE) | FOR COURT USE ONLY |
|---|---|
| COURT GENERATED<br>Attorney for:<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS<br>Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk' Office: 801 10th Street, 4th Floor, Modesto, CA 95354 | FILED<br>OCT 0 8 2009<br>CLERK of the SUPERIOR COURT<br>BY:   ANGELA SEGUNDO<br>DEPUTY |
| Plaintiff/Petitioner:<br>Defendant/Respondent: | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>646617 |

1. NOTICE is given that a **Case Management Conference** has been scheduled as follows:

   Date: 2/8/10   Time: 3:00 AM/**PM**

   This case is assigned to Judge WILLIAM A. MAYHEW, Dept 21, for all purposes, including trial.

   *Department 21 is located at 801 10th Street, 6th Floor, Modesto, CA 95354

   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354

   All filings, including cases assigned to Department 21, shall be filed in the Clerk's Office at the City Towers, 4th Floor address.

   ............................................................................................................................................

   You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you.  You must also serve a copy of your written response on the plaintiff.

2. You must file and serve a completed *Case Management Conference Questionnaire* at least fifteen (15) days before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the court may make pretrial orders, including the following:

   a. An order establishing a discovery schedule.
   b. An order referring the case to arbitration.
   c. An order dismissing fictitious defendants.
   d. An order scheduling exchange of expert witness information.
   e. An order setting subsequent conferences and the trial date.
   f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

   Date:   OCT 0 8 2009        Clerk, by _____ANGELA SEGUNDO_____Deputy

   CV0                                                                                                          3/09

   **--SANCTIONS--**
   If you do not file the *Case Management Questionnaire* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).

**Rule 201.7. Time for Service of Complaint, Cross-Complaint, and Response**

(a) [Applicability] This rule applies to the service of pleadings in civil cases except for unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] a cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b)(d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been effected, documenting the efforts that have been made to effected, documenting the efforts that have been made to effect service, and specifying the date by which service is proposed to be effected.

(f) [Failure to serve] Unless the court has granted an order extending the time to serve a complaint or cross-complaint, the failure to serve and file pleadings as required under this rule may result in an Order to Show Cause being issued as to why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff within 10 days after the time for service has elapsed must file a request for entry of default. Failure to timely file the request for the entry of default may result in an Order to Show Cause being issued as to why sanctions shall not be imposed.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after entry of default, unless the court has granted an extension of time. Failure to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment may result in an Order to Show Cause being issued as to why sanctions shall not be imposed.

(i) [Order to Show Cause] When the court issues an Order to Show Cause under this rule, responsive papers to the Order to Show Cause must be filed and served no less than 5 calendar days before the hearing.