1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS NASRAWI, *et al*, | 1:09-CV-02061-OWW-GSA |
| Plaintiffs, | MEMORANDUM DECISION RE: DEFENDANTS' MOTION TO DISMISS (Doc. 19.) |
| v. | |
| BUCK CONSULTANTS, LLC, *et al.*, | |
| Defendants. | |

### I.   INTRODUCTION.

Before the court for decision is Defendants' motion to dismiss Plaintiffs' third party beneficiary action pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiffs lack standing. Additionally, Defendants contend that the action against Loeb must be dismissed because Loeb was a "sham defendant" named solely for removal purposes.   Plaintiffs oppose the motion to dismiss on the grounds that they have standing because Buck and Loeb aided and abetted a breach of trust for personal financial gain.[1]

---

[1] The Plaintiffs have filed a separate motion to remand the case to state court.

**1**

## II.  **BACKGROUND**.

This is a negligence action filed by three beneficiaries of a public retirement trust against a provider of actuarial services, Buck Consultants, LLC, ("Buck") and one of its employees, Harold Loeb ("Loeb").   Defendant Buck, a Delaware limited liability company,[2] provided actuarial services to StanCERA, a public employee retirement system covering employees of the County of Stanislaus, City of Ceres, the Stanislaus Superior Court, and five special districts located within Stanislaus County, under a written consulting contract. Loeb is not a party to the contact. (Compl. ¶ 2.)  Loeb, a California resident, is employed by Buck Consultants as an actuary.  (Compl. ¶ 4, 7.)  Buck is wholly owned by ACS Human Resources Solutions, a Pennsylvania Corporation with its principal place of business in New Jersey.

Plaintiffs Dennis Nasrawi, Michael O'Neal, and Rhonda Biesemeir, California residents and beneficiaries of StanCERA, filed a complaint against Defendants Buck and Loeb in Stanislaus County Superior Court on October 8, 2009.[3]  The substance of the complaint is that "Buck and Loeb breached their duty of care in preparing StanCERA's January 9, 2007 actuarial valuations by using inappropriate actuarial assumptions." (Compl. ¶ 14.)   In particular, Plaintiffs allege that the "9.22% employer contribution

---

[2] Buck's principal place of business is New York.

[3] Plaintiffs, all former employees of Stanislaus County, allege that they obtained "vested contractual rights to receive pension and related benefits." (Compl. ¶ 1.)  Plaintiffs state that they filed a "representative suit" because "StanCERA has failed or refused to assert a negligence claim on behalf of itself or the pension trust."  (Compl. ¶ 22.)

rate adopted by StanCERA, in reliance upon the actuarial valuation negligently prepared by Buck and Loeb, was insufficient to actuarially fund the benefits promised by the County." (Compl. ¶ 15.)  As a result of Defendants' actuarial negligence, Plaintiffs allege that StanCERA suffered harm in the form of: (1) lost County employer contributions; (2) lost earnings on those contributions; and (3) costs paid to other actuarial firms to discover Defendants' negligence.   The report is issued on Buck's letterhead as Consulting Actuary for StanCERA.

As to Defendant Loeb, Plaintiffs allege that he "owed a duty to exercise due care in performing actuarial services for StanCERA," and breached that duty.  (Compl. ¶ 13.)  They also allege that he "actively participated with, aided, and abetted in StanCERA's breach of fiduciary duty by concealing their negligence for almost two years."  (Compl. ¶ 18.)  According to Plaintiffs, Loeb covered up the effects of his actuarial negligence - and that of Buck and StanCERA - for his "own financial gain." (Compl. ¶ 19.)

On November 22, 2009, this case was removed to the Federal Court on the basis of diversity jurisdiction.  (Doc. 1.)  The notice of removal provides that the presence of Loeb as a defendant in the action does not defeat diversity jurisdiction because Loeb is a fraudulently joined "sham defendant."  (Id.)

On January 19, 2010, Defendants moved to dismiss this action based on their assertion that Plaintiffs lack standing and that Loeb cannot be sued individually. (Doc. 19) According to Defendants, "the action can only be brought by StanCERA in its

capacity as trustee, and cannot be brought by Plaintiffs as trust beneficiaries." (Id.)   Further, Plaintiffs' failure to state a claim against Loeb is established by the Court's Order (Doc. 37) finding that Loeb is a "sham defendant".

Plaintiffs opposed the motion on April 26, 2010.  (Doc. 26.) Plaintiffs argue that they have standing to sue because Buck is a third party who aided and abetted a breach of trust and the trustee declined to sue.  Additionally, that Loeb has personal liability for personally aiding and abetting the breach of trust. (Id.)

### III.   LEGAL STANDARD.

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely

**4**

> consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. 556-57). Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV. <u>DISCUSSION</u>.

### A. *Motion to Dismiss Loeb Individually*

Defendants move to dismiss Loeb from the action on the grounds that as agent (corporate employee) for a disclosed principal(corporation) acting within the scope of his corporate employment, Loeb is not individually liable. Plaintiffs contend that Loeb is individually liable because he breached professional duties owed to the trust and beneficiaries. This issue was fully briefed and heard by the Court on May 10, 2010, during Plaintiffs' motion for remand. The Court held: "Defendants have met their burden of establishing Loeb is a 'sham defendant' whose presence in this action does not bar removal and exists for the purposes of defeating diversity jurisdiction." (Doc. 37 at 2:3-5.)

"Directors and/or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they personally participate in the wrong." *United States Liability Ins. Co. V. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594-595 (Cal. 1970). As a corporate employee acting within the scope of employment, Loeb cannot be held personally liable for his negligence in performing employment duties for the corporation. Loeb can be held personally liable only if he independently, outside his scope of employment, participated in the

**5**

breach of trust.   Plaintiffs' do not specifically allege any independent wrongdoing by Loeb to gain a personal benefit. "Disregarding the conclusions of law that Loeb 'aided and abetted' his employer, the complaint does not allege any specific acts of affirmative misfeasance with respect to the performance of his actuarial duties.   (Doc. 34 at 19:7-10.)   Accordingly, Loeb is entitled to be dismissed for failure to state a claim.

   B.   *Plaintiff's Standing as Trust Beneficiaries*

   Defendants move the court to dismiss the claim against Buck for lack of standing. Defendants argue that Plaintiffs lack standing because: (1) trust beneficiaries generally lack standing to sue on behalf of a trust; and (2) Plaintiffs' conclusory allegations do not meet the requirements of the exception to that rule.

   Plaintiffs assert that they met the standing requirement by pleading: (1) Defendants actively participated and aided and abetted in StanCERA's "breach of fiduciary duty" by "concealing" their negligence for almost two years; (2) Defendants did so for their "own financial gain"; (3) Defendants participated and assisted with StanCERA's breach of trust"; and (4) Plaintiffs therefore can pursue this action because StanCERA has not done so itself.   (Compl. ¶ 18-19, 21-22.)

   Under Cal. Gov. Code § 53216.6, the trustees of the StanCERA trust have a fiduciary duty to the trust beneficiaries:

   The legislative body, trust, or other body authorized to make investments for a pension trust, shall discharge its duties with respect to investing the assets of the pension trust.

1. (a) Solely in the interest of, and for the exclusive purposes of providing benefits to, participants and their beneficiaries, minimizing employer contributions thereto, and defraying reasonable expenses of administering the trust.

(b) With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims.

(c) Shall diversify the investments of the trust so as to minimize the risk of loss and to maximize the rate of return, unless under the circumstances it is clearly prudent not to do so.

*Id.*

The violation by a trustee of any duty owed to the beneficiaries of the trust constitutes a breach of trust. Restatement (Second) Trusts § 201 (1959).  A breach of trust entitles trust beneficiaries to file an action against the trustees.  Cal. Prob. Code § 16420 (1991).  Here the statutory trustee is StanCERA.

In general, a trust beneficiary does not have standing to sue a third party on behalf of a trust because the beneficiary is not a real party in interest. *City of Atascadero v. Merrill Lynch*, 68 Cal. App. 4th 445, 462, 80 Cal. Rptr. 2d 329 (Cal. Ct. App. 1998). The exception to the general rule is that beneficiaries have standing to sue third parties who; (1) For their own financial gain or advantage, (2) Induced the trustee to commit the breach of trust, and (3) actively participated with, aided or abetted the trustee in that breach, or received and retained trust property from the trustee in knowing breach of trust. *Id.* Under this exception, standing hinges on whether there was a breach of duty by the trustee.  *Id.*

Trust beneficiaries have a limited right to sue in situations

7

where the third party acted for her or his own financial gain or advantage. *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1103-1106, 3 Cal. Rptr. 2d 236. (Cal. Ct. App. 1991). "As long as the third parties were acting to further their own individual economic interest, they may be liable for actively participating in a fiduciary's breach of his or her trust." *City of Atascadero*, 68 Cal. App. at 464; *see also Pierce*, 1 Cal. App. 4th at 1105-1106 (holding that personal gain in the form of fees and investment opportunities constituted financial gain); *Wolf v. Mitchell, Silberberg & Knupp*, 76 Cal. App. 4th 1030, 1040 (Cal. Ct. App. 1999) (holding that allegations of a greater amount of fees met the requirements for personal financial gain).

Plaintiffs cite *City of Atascadero v. Merrill Lynch*, 68 Cal. App. 4th 445 (Cal. Ct. App. 1998) for the proposition that "it is well established that where a trustee has committed a breach of trust, the trust beneficiaries may prosecute an action against third persons who, for their own financial gain or advantage [...] actively participated with, aided or abetted the trustee in that breach." (Doc. 26 at 4:15-4:19.)   In *City of Atascadero*, the beneficiaries alleged in their complaint that Merrill Lynch made direct misrepresentations, actively concealed information, and participated with the trustee in breaches of trust for financial gain. *Id.* at 457-458.   The complaint alleged that Merrill Lynch advised the trustees to undertake a program of investment "which was imprudent and unsuitable for the trust". *Id.* at 484. Additionally, Merrill Lynch actively concealed the risks of the investment program and misled beneficiaries for financial gain. The court held that the beneficiaries had standing to sue Merrill

Lynch for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty. *Id.*

Plaintiffs cite three additional cases which illustrate the requirements to meet the standing exception. In *Pierce,* the court held that the beneficiaries had standing because the complaint alleged that third party attorneys actively concealed breaches of trust, made misrepresentations to the court, and acted for personal gain. *Pierce*, 1 Cal. App. 4th at 1105-1106. The breaches of duty in *Pierce* involved one trustee's self-dealing and another trustee's failure to stop that self-dealing. *Id.* at 1105. The beneficiaries in *Pierce* alleged that the third party attorneys knew about the breaches and took affirmative steps to conceal the breaches from the court. *Id.* In *Wolf,* the court held that a trust beneficiary had standing to sue a third party based on the allegations that third party attorneys concealed breaches of trust and made misrepresentations to the beneficiary. *Wolf*, 76 Cal. App. 4th at 1040. The court reasoned that the specific allegations in *Wolf* satisfied *City of Atascadero* and *Pierce* by alleging identifiable breaches of trust by the trustee. *Id.*

Plaintiffs rely on *Harnedy v. Whitty*, 110 Cal. App. 4th 1333 (Cal. Ct. App. 2003). In *Harnedy,* a trust beneficiary alleged misfeasance by the trustee and a third party. *Id.* at 1342. The court rationalized the holdings from *City of Atascadero*, *Pierce*, and *Wolf*:

> When the claim being asserted rests in whole or in part on alleged breaches of trust by the trustee, a beneficiary has standing to pursue such a claim against either (1) the trustee directly, (2) the trustee and third parties participating in or benefitting from his,

her or its breach of trust, or (3) such third parties alone

*Id*. at 1341-1342. The court held that the beneficiary had standing because he alleged misfeasance by both the trustee and a third party.

To meet the requirements under the standing exception Plaintiffs must allege that the StanCERA trustees breached a statutory duty owed to the employee-beneficiaries. Plaintiffs allege that StanCERA failed to assert a negligence claim against Buck, a service provider and Loeb, its actuary, in breach of fiduciary obligations to its members, including the Plaintiffs. (Compl. at ¶ 16.) Plaintiffs do not specifically allege how Buck's actions aided and abetted this breach of trust.

As in *City of Atascadero*, the Plaintiffs in this case allege that based on Buck's negligent actuarial services, StanCERA adopted an imprudent employer contribution rate. The complaint also alleges that Buck concealed its negligence for close to two years. (Compl. at ¶ 18.) As a result of this concealment, Buck "participated with, aided, and abetted in StanCERA's breach of fiduciary duty for their own financial gain." (Compl. at ¶ 19).

The complaint further alleges that "Buck and Loeb have actively participated with, aided, and abetted in StanCERA's breach of fiduciary duty by concealing their negligence for almost two years." (Compl. at ¶ 18.) This is similar to *Pierce* and *Wolf* only insofar as the third party actions are alleged to involve concealment, without describing the nature of the alleged concealment. Buck's actions are distinguishable from those in

10

*Pierce* and *Wolf*.  In *Pierce* and *Wolf*, the third parties knowingly concealed the fiduciary breaches of the trustees, whereas Plaintiffs here allege that Buck concealed its own actuarial negligence, in turn causing StanCERA, the fiduciary, to breach underlying duties.  Although this difference is likely not fatal to the Plaintiffs' claim, the Plaintiffs' allegations lack the requisite factual detail to survive a motion to dismiss.

    *City of Atascadero*, *Pierce*, and *Wolf*, require beneficiaries to allege that the third party acted for personal financial gain.  *Id*. at 1040.  Plaintiffs' case can be distinguished from *Pierce* and *Wolf* in that Plaintiffs conclusorily allege a "breach of fiduciary duty for financial gain" by Buck (Compl. at ¶ 19.), without describing the nature of the gain. The beneficiaries in *Pierce* specifically alleged personal financial gain in the receipt of greater fees and investment opportunities. *Pierce*, 1 Cal. App. 4th at 1105-1106.  The beneficiaries in *Wolf* also alleged financial gain of "receiving a greater amount of fees".  *Wolf*, 76 Cal. App. 4th at 1040.  Here, Plaintiffs only allege that Buck and Loeb acted for personal financial gain, a legal conclusion, without describing the nature of the wrongful conduct and type of gain.


                              V.  CONCLUSION.

    Taking the allegations in the complaint as true, these allegations fail to state a claim against Defendants, Buck and Loeb. The claim against Loeb must be dismissed as he is a corporate employee for Buck sued for malfeasance (negligence in providing

                                  **11**

actuarial services) in breach of the duty owed to Plaintiffs by Buck under contract in the court and scope of his employment.  *Self-Insurers' Sec. Fund v. ESIS, Inc.*, 204 Cal. App. 3d 1148, 1162 (Cal. Ct. App. 1988).  These allegations are insufficient.  The inclusion of Loeb, as the case has been pleaded is a transparent attempt to defeat federal jurisdiction.

For the reasons stated:

1.   Defendants' motion to dismiss Plaintiffs' claim against Loeb is GRANTED WITH LEAVE TO AMEND.  NO FURTHER LEAVE SHALL BE GRANTED

2.   Defendants' motion to dismiss Plaintiffs' claim against Buck is GRANTED WITH LEAVE TO AMEND.

3.   Plaintiffs are ORDERED to amend their complaint within 30 days of service of this Order.

IT IS SO ORDERED.

DATED: <u>June 29, 2010</u>                    <u>/s/ OLIVER W. WANGER</u>
                                        UNITED STATES DISTRICT JUDGE